IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **LYNETTE SEIFERT,** individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br>v.<br><br>**TOUCHSTONE STRATEGIES, LLC** and **STANLEY S. STUDER, JR,** individually<br><br>**Defendants.** | Civil Action No. 5:21-cv-00115<br><br>Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Lynette Seifert, individually and on behalf of all others similarly situated ("Plaintiff" and "Class Members" herein), brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and alleges as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct the conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiff in accordance with the Fair Labor Standards Act in that they failed to pay Plaintiff time and one-half her regular hourly rate (overtime pay) for

working weekly hours worked in excess of 40 (overtime hours). Defendants misclassified Plaintiff as exempt from FLSA requirements and paid Plaintiff on a salaried basis with no regard to the number of hours Plaintiff actually worked. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.	JURISDICTION AND VENUE

3.	This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law under the Fair Labor Standards Act. 29 U.S.C. § 201 *et seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.	Venue is proper in this District because the events forming the basis of the suit occurred in this District, and one or more parties reside in this District.

## III.	PARTIES

5.	Plaintiff was employed by Defendants from approximately November of 2013 to March of 2019 as a Licensed Vocational Nurse ("LVN") at Defendants' facilities within this District. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "Exhibit 1."

6.	Plaintiff and Class Members are Defendants' current and former salaried employees who were misclassified as salaried employees and therefore were not paid for all hours worked, including overtime hours.

7.	Defendant Touchstone Strategies, LLC ("Corporate Defendant") is a Texas limited liability company and may be served via its registered agent, Stanley S. Studer, Jr. at 250 W. Nottingham, Ste. 200, San Antonio, Texas 78209, or wherever he may be found.

8. Defendant Stanley S. Studer, Jr. ("Individual Defendant") is individually liable because, during the relevant times, he was an owner of substantial interest in Defendant, served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of employees' work as he held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursement, and maintained employment records and/or held control over employment records. Defendant Studer may be served at 250 W. Nottingham, Ste. 200, San Antonio, Texas 78209, or wherever he may be found.

## IV. COVERAGE

9. At all material times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

## V. FACTUAL ALLEGATIONS

13. Defendants do over $500,000.00 per year in business.

14. Individual Defendant is an owner and director of Corporate Defendant who possessed the power to hire/fire Plaintiff and received complaints from Plaintiff over the violations at issue.

15. Plaintiff was employed by Defendants during the three years prior to the filing of this suit and from approximately November 2013 through March 2019 and was misclassified as a salaried employee.

16. During the three-year period prior to this suit, Defendants have employed individuals who performed similar job duties under similar pay provisions as Plaintiff, who were not paid overtime compensation as required by the FLSA and were misclassified as salaried employees.

17. Plaintiff was employed as an LVN for a period of six years. Plaintiff's job duties consisted of coordinating nursing care and complying with facility and state care standards. During her employment, Plaintiff did not have the ability to hire or fire employees.

18. Plaintiff was neither required to possess a professional degree nor to have obtained a particular educational level in order to be employed by Defendants in this capacity. Consequently, Plaintiff was not employed in a "professional" capacity as recognized by the FLSA.

19. Pursuant to 29 C.F.R. § 541.301(e)(2), such LVNs are non-exempt as a matter of law.

20. During the weeks covered by this lawsuit, Plaintiff regularly worked in excess of 40 hours per week; however, Defendants did not pay Plaintiff time-and-one-half her regular rate of pay for all of these hours worked over 40 hours per week. Instead, Plaintiff was classified as a salaried, "exempt" employee. However, Plaintiff was not employed as an "exempt" administrator,

executive, or professional and should have been entitled to the benefits the FLSA affords to non-exempt employees.

21. Defendants have knowledge of the FLSA and its requirements but carried out this illegal pattern or practice of misclassifying Plaintiff and failing to pay overtime compensation to Plaintiff. Defendants did so knowingly, willfully, or with reckless disregard.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this matter as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), which may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b) and on behalf of those individuals who also worked for Defendants as salary-paid, misclassified employees and were subject to the same companywide policies.

23. Plaintiff seeks relief on a collective basis challenging Defendants' practice or pay plan that failed to pay Plaintiff time-and-one-half of her regular rate of pay for all hours worked in excess of 40 in a workweek. The Class Members similarly and regularly worked more than 40 hours in a workweek but did not receive lawful overtime pay for all hours worked in excess of 40. Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. During the period from three years prior to the filing of this suit until the filing of this suit, Defendants employed other individuals in a similar capacity as Plaintiff in that they were also paid on a salary basis without regard for the number of compensable hours actually performed. Class Members regularly worked more than 40 hours in a workweek, but did not receive overtime pay for overtime hours worked. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

25. Defendants' failure to pay overtime compensation at the rates required by the FLSA and correctly classify employees results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. As misclassified and admittedly non-exempt employees, all Class Members, regardless of their precise job requirements or rates of pay, are entitled to all unpaid back wages and lawful overtime wages for overtime hours worked. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and facts are common to Plaintiff and the Class Members.

26. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime with respect to Plaintiff and the Class Members.

## VII. CAUSE OF ACTION COUNT 1: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. During the relevant period, Defendants violated and continue to violate the provisions of §§ 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-one-half times their regular rates of pay and failing to pay employees in excess of the lawful minimum wage. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. For an Order pursuant to § 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the cost of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorney's fees;

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rate allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**FORESTER HAYNIE PLLC**

*/s/ M. Mathews*
**Meredith Mathews**
Texas Bar No. 24055180
**J. Forester**
Texas Bar No. 24087532
400 N. St. Paul St., Ste 700
Dallas, Texas 75201
Telephone: (214) 210-2100
Fax: (214) 346-5909
mmathews@foresterhaynie.com
jay@foresterhaynie.com

**LAW OFFICES OF TRENT NICHOLS, PLLC**

Trenton C. Nichols
Texas Bar No. 24046533
trent@trentnicholslaw.com
Wade A. Johnson
State Bar No. 24062197

<wade@trentnicholslaw.com>
1309 N. Avenue E
Shiner, Texas 77984
Telephone: (361) 594-5004
Fax: (361) 594-5024

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

The foregoing will be served on all Defendants along with the summons and in accordance with the Federal Rules of Civil Procedure.

*/s/ M. Mathews*
**M. Mathews**